**PELTON GRAHAM LLC**
Brent E. Pelton (BP 1055)
pelton@peltongraham.com
Taylor B. Graham (TG 9607)
graham@peltongraham.com
111 Broadway, Suite 1503
New York, NY 10006
Telephone: (212) 385-9700
www.PeltonGraham.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **JUAN VICUNA, SORAIDA MENDEZ, VALERY ROLDAN and TOMAS RIVERA, Individually and on Behalf of All Others Similarly Situated,**<br><br>                            **Plaintiffs,**<br><br>-against-<br><br>**LIZARD O'S INC. d/b/a TWO LIZARDS MEXICAN BAR & GRILL, JUAN LIZ and MANUEL MELCHOR, Jointly and Severally,**<br><br>                            **Defendants.** | **<u>COLLECTIVE ACTION COMPLAINT</u>**<br><br>**Jury Trial Demanded** |

Plaintiffs Juan Vicuna ("Vicuna"), Soraida Mendez ("Mendez"), Valery Roldan

("Roldan") and Tomas Rivera ("Rivera" and, collectively with Vicuna, Mendez and Roldan, the

"Plaintiffs"), individually and on behalf of all others similarly situated, as class representatives,

upon personal knowledge as to themselves and upon information and belief as to other matters,

allege as follows:

## NATURE OF THE ACTION

1.       Plaintiffs are former bartenders, servers, bussers, kitchen helpers and delivery employees at Defendants' restaurant located in the Upper East Side neighborhood of Manhattan. While working for Defendants, Plaintiffs were paid less than minimum wage for all hours worked and were not paid any overtime premiums for hours worked over forty (40) in a given workweek.  Plaintiffs also did not receive spread-of-hours premiums when working a spread of more than ten (10) hours and were not provided with proper wage notices and wage statements.

2.       Plaintiffs bring this action to recover unpaid minimum wage and overtime premium pay owed to them pursuant to both the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.* and the New York Labor Law ("NYLL"), §§ 650 *et seq.* Plaintiffs also bring claims for unpaid spread-of-hours premiums and for failure to provide proper wage notices and wage statements pursuant to NYLL §§ 190 *et seq.* and the supporting regulations.

3.       Plaintiff Rivera also brings an individual claim of unlawful retaliation against Defendants pursuant to both the FLSA § 215(a)(3) and NYLL § 215 for Defendants' adverse employment actions against him for his participation in this lawsuit.

4.       Plaintiffs bring their FLSA claims on behalf of themselves and all other similarly situated employees of Defendants and their NYLL claims on behalf of themselves and any other Plaintiff who joins this action pursuant to § 216(b) of the FLSA.

## JURISDICTION AND VENUE

5.       This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1337, and 1343, and supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.  In addition, the Court has jurisdiction over Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

6.      Venue is proper in this district pursuant to 28 U.S.C. § 1391 because Defendants' business is located in this district.

7.      This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

**Plaintiffs:**

8.      Plaintiff Vicuna was, at all relevant times, an adult individual residing in Queens County, New York.

9.      Plaintiff Mendez was, at all relevant times, an adult individual residing in Suffolk County, New York.

10.     Plaintiff Roldan was, at all relevant times, an adult individual residing in Queens County, New York.

11.     Plaintiff Rivera was, at all relevant times, an adult individual residing in Queens County, New York.

12.     During the relevant time period, Plaintiffs performed work for Defendants at Two Lizards Mexican Bar & Grill, located at 1365 1st Avenue, New York, New York 10021.

13.     Plaintiffs consent in writing to be parties to this action, pursuant to 29 U.S.C. § 216(b), and their consent forms are attached hereto.

**Defendants:**

14.     Upon information and belief, Lizard O's Inc. d/b/a Two Lizards Mexican Bar & Grill is an active New York Corporation with its principal place of business at 1365 1st Avenue, New York, New York 10021.

15.     Lizard O's Inc. is hereinafter referred to as "Two Lizards" or the "Corporate

3

Defendant."

16.     Defendant Juan Liz ("Liz") is an owner and operator of the Corporate Defendant who sets the Corporate Defendants' payroll policies, including the unlawful practices complained of herein.

17.     Upon information and belief, Defendant Manuel Melchor ("Melchor" and collectively with Liz, the "Individual Defendants" and, collectively with the Corporate Defendant, the "Defendants") is an owner and/or operator of the Corporate Defendant who sets the Corporate Defendant's payroll policies, including the unlawful practices complained of herein.

18.     Together, the Individual Defendants participated in the day-to-day operations of the Corporate Defendant and acted intentionally in their direction and control of Plaintiffs and the Corporate Defendant's other similarly situated employees, and are each an "employer" pursuant to the FLSA, 29 U.S.C. § 203(d) and regulations thereunder, 29 C.F.R. § 791.2, as well as the NYLL § 2 and the regulations thereunder, and are each jointly and severally liable with the Corporate Defendant.

19.     At all relevant times, Defendants have been and continue to be employers engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a). At all relevant times, Defendants employed, and/or continue to employ, Plaintiffs and each of the Collective Action members within the meaning of the FLSA.

20.     At all relevant times, Plaintiffs and Collective Action Members were employed by Defendants within the meaning of the NYLL, §§ 2 and 651.

21.     Upon information and belief, at all relevant times, the Corporate Defendant has

had gross revenues in excess of $500,000.00.

22.    At all relevant times, the Corporate Defendant has used goods and materials produced in interstate commerce, and have employed two or more individuals who handled these goods and materials.

## COLLECTIVE ACTION ALLEGATIONS

23.    Pursuant to 29 U.S.C. §§ 206, 207 & 216(b), Plaintiffs bring their First and Second Causes of Action as a collective action under the FLSA on behalf of themselves and the following collective:

> All persons employed by Defendants at any time since April 5, 2013 and through the entry of judgment in this case (the "Collective Action Period") who worked as bartenders, servers, bussers, kitchen helpers, delivery employees and all other non-management employees  (the "Collective Action Members").

24.    A collective action is appropriate in this circumstance because Plaintiffs and the Collective Action Members are similarly situated, in that they were all subjected to Defendants' illegal policies of failing to pay minimum wage for all hours worked and failing to pay overtime premiums for work performed in excess of forty (40) hours each week.  As a result of these policies, Plaintiffs and the Collective Action Members did not receive the legally-required minimum wages for all hours worked and overtime premium payments for all hours worked in excess of forty (40) hours per week.

25.    Plaintiffs and the Collective Action Members have substantially similar job duties and are paid pursuant to a similar, if not the same, payment structure.

## STATEMENT OF FACTS

**Defendants' Restaurant**

26.     At all relevant times, Defendants have been in the food service business.

27.     Upon information and belief, Defendant Liz and Melchor have owned, operated, and managed Two Lizards since it opened in or around 2013.

28.     According to Defendants' website, Two Lizards is open Monday through Thursdays from 11:00 am to 11:00 pm, Fridays and Saturdays from 11:00 am to 12:00 am and Sundays from 11:00 am to 10:00 pm

29.     Defendant Liz is a constant presence in the restaurant and takes an active role in ensuring that the restaurant is run in accordance with his procedures and policies.

30.     Defendant Melchor is also frequently present in the restaurant acting in a general manager capacity, overseeing the day-to-day operations of the restaurant.

31.     Upon information and belief, Defendants recently opened a second Two Lizards location in Astoria, Queens.

**Plaintiffs' Work for Defendants**

32.     Plaintiff Vicuna was employed by Defendants as a server and bartender at Two Lizards from in or around May 2013 through in or around October 2015 (the "Vicuna Employment Period").

33.     Throughout the Vicuna Employment Period, Vicuna typically worked Wednesdays, Thursdays and Sundays from approximately 3:00 pm through approximately 11:00 pm, and Fridays and Saturdays from approximately 10:00 am through approximately 12:00 am, with Mondays and Tuesdays off, for a total of between approximately forty-six and fifty-two (46-52) hours per week.  In addition, Vicuna was frequently required to work double shifts such

that often times he ended up working approximately sixty-four (64) hours per week, especially during the first approximately six (6) months of his employment.

34.     Throughout the Vicuna Employment Period, for his work, Vicuna was paid $30.00 plus tips when he worked single shifts and $45.00 plus tips when he worked double shifts.   During approximately the first four (4) months of the Vicuna Employment Period, Plaintiff was paid entirely in cash.  Thereafter, until the end of his employment with Defendants, Plaintiff was paid by check.

35.     Plaintiff Mendez was employed by Defendants as a busser and server at Two Lizards from in or around October 2013 through in or around February 2016 (the "Mendez Employment Period").

36.     Throughout the Mendez Employment Period, Mendez typically worked six (6) days per week from approximately 3:00 pm through approximately between 12:00 am and 1:00 am, for a total of approximately fifty (50) hours per week. At times, Mendez was required to begin work at approximately 10:00 am instead of 3:00 pm, such that often times she ended up working approximately sixty-eight (68) hours per week.

37.     From the beginning of the Mendez Employment Period through in or around the end of 2014, Plaintiff Mendez typically worked as a busser. Thereafter, until the end of the Mendez Employment Period, she typically worked as a server approximately four (4) days per week and as a busser approximately two (2) days per week.

38.     Throughout the Mendez Employment Period, for her work as a busser, Mendez was paid approximately $40.00 plus tips when she worked single shifts and $50.00 plus tips when she worked double shifts; and for her work as a server, Mendez was paid $30.00 plus tips when she worked single shifts and $45.00 plus tips when she worked double shifts.

39.     During the first few months of the Mendez Employment Period, Plaintiff Mendez was paid with a personal check.  Thereafter, until the end of his employment, Plaintiff was paid with a paycheck.

40.     Plaintiff Roldan was employed by Defendants as a busser and delivery employee at Two Lizards from in or around June 2014 through in or around the end of 2015 (the "Roldan Employment Period").

41.     Throughout the Roldan Employment Period, Roldan typically worked between approximately four and eight (4-8) shifts per week, for a total of approximately between thirty-six and sixty-eight (36-68) hours each week.

42.     Throughout the Roldan Employment Period, for her work, Roldan was only paid $50.00 plus tips when she worked approximately four (4) shifts per week, and approximately $100.00 plus tips when she worked approximately eight (8) shifts per week. Throughout the Roldan Employment Period, Plaintiff received her wages entirely in cash.

43.     Plaintiff Rivera was employed by Defendants as a delivery employee and kitchen helper at Two Lizards from in or around April 2015 through in or around March 2016 (the "Rivera Employment Period").

44.      During the first approximately six (6) months of the Rivera Employment Period, Rivera typically worked seven (7) days per week, from approximately 4:00 pm through between approximately 12:00 am and 12:30 am, for a total of approximately fifty-six (56) hours per week. Thereafter until the end of the Rivera Employment Period, Rivera typically worked six (6) days per week with the same schedule, for a total of approximately forty-eight (48) hours per week.

45.     Throughout the Rivera Employment Period, for his work, Rivera was paid $3.50 per hour for all hours worked, plus tips, entirely in cash.

**Defendants' Retaliation Against Plaintiff Rivera**

46.     On or about January 6, 2016, Plaintiff Vicuna, through his counsel, issued a written demand for payment of back wages to Defendants.

47.     Counsel for the parties engaged in preliminary negotiations throughout late January and the month of February 2016.

48.     After such negotiations broke down between counsel for the parties and Plaintiff Vicuna decided to pursue his claims by filing a lawsuit, Plaintiffs Rivera, Roldan and Mendez decided to join Plaintiff Vicuna to seek their unpaid wages as well.

49.     To that end, on March 10, 2016, Plaintiffs met with attorneys from Pelton Graham LLC at their office in the financial district to initiate a lawsuit against Defendants.

50.     Plaintiff Rivera posted several photos of his trip to the financial district with Plaintiffs Roldan and Mendez on social media.

51.     The following day, March 11, 2016, when Rivera reported to work, Defendant Melchor approached Rivera and asked him to come outside to discuss the photos that Rivera had posted.

52.     During this conversation outside of Defendants' restaurant, Melchor stated that he knew that Rivera had met with Plaintiff Vicuna's attorneys and was involved with the action that Vicuna had initiated.

53.     Defendant Melchor quickly became very angry and began to curse at Rivera. Among other things, Melchor told Rivera that the restaurant doesn't employ "hypocrites" and ultimately told him to "piss off."

54.     Plaintiff understood this to mean that he was fired for his involvement or perceived involvement in an action against Defendants for his unpaid wages.

**Defendants' Unlawful Corporate Policies**

55.     Considering Plaintiffs' pay structure and the number of hours that they typically worked, Defendants failed to pay Plaintiffs the legally-mandated minimum wages for all hours worked and overtime premiums of one and one-half (1.5) times their hourly rate for hours worked over forty (40) in a given workweek.

56.     Defendants did not have a time-keeping machine to keep track of Plaintiffs' hours worked each week.

57.     Throughout their respective employment periods, Plaintiffs were not permitted to take a full 30 minute uninterrupted lunch break.

58.     Defendants did not notify Plaintiffs or the Collective Action Members that they were relying upon the tip-credit in calculating their hourly rate.

59.     Throughout their employment with Defendants, Plaintiffs regularly worked shifts in excess of ten (10) hours in one day, yet Defendants failed to pay Plaintiffs spread-of-hours premiums consisting of an extra hour of minimum wage for such days.

60.     At no point during Plaintiffs' employment did they receive a wage notice or proper wage statement showing their hourly or overtime rate or any indication that Defendants were relying upon the tip credit in calculating their hourly rate.

61.     Defendants did not provide Plaintiffs or the Collective Members with proper wage notices at the time of hire or by February 1 of each year.

62.     Plaintiffs and the Collective Action Members were all paid pursuant to the same corporate policies of Defendants, including failing to pay minimum wages, overtime premiums, spread of hours premiums and failing to provide wage notices and proper wage statements.

63.     Plaintiffs have spoken with other employees of Defendants who were similarly

paid on a per-shift basis which did not include minimum wages for all hours worked, and/or were not paid overtime premiums for hours worked over forty (40) each week, and/or were not paid spread-of-hours premiums when working shifts or split shifts in excess of ten (10) hours each day, and/or did not receive wage notices and proper wage statements.

64.     Defendants' failure to pay Plaintiffs and the Collective Action Members minimum wages for all hours worked, overtime premiums for hours worked over forty (40) each week, spread-of-hours premiums and failure to provide wage notices and proper wage statements, were corporate policies that applied to all of Defendants' bartenders, servers, bussers, dishwashers, delivery employees and all other non-management employees.

65.     Because Defendants violated the requirements for taking the tip credit, and in fact failed to pay even the "tipped" minimum wage rate to their tip-eligible employee, Defendants were not entitled to pay Plaintiffs and the Collective Action Members the New York "tipped" minimum wage and instead were obligated to pay Plaintiffs and the Collective Action Members the full statutory minimum wage.

66.     Upon information and belief, throughout the Collective Action Period and continuing until today, Defendants failed to maintain accurate and sufficient time and payroll records or provide such records to employees.

**FIRST CAUSE OF ACTION**
**FAIR LABOR STANDARDS ACT – UNPAID MINIMUM WAGE**

67.     Plaintiffs, on behalf of themselves and the Collective Action Members, repeat and reallege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

68.     By failing to pay minimum wage for all hours worked, Defendants have violated and continue to violate the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 206 and 215(a)(2).

69.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

70.     Defendants' failure to pay minimum wages for all hours worked caused Plaintiffs and the Collective Action Members to suffer loss of wages and interest thereon. By failing to pay Plaintiffs and the Collective Action Members for all hours worked and failing to notify Plaintiffs and the Collective Action Members that they were relying on the tip credit in calculating employees' hourly rates, Defendants lose the ability to utilize a tip credit against the FLSA's minimum wage. Therefore, Plaintiffs and the Collective Action Members are entitled to recover from Defendants their full unpaid minimum wages, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to 29 U.S.C. § 216(b).

**SECOND CAUSE OF ACTION**
**FAIR LABOR STANDARDS ACT – UNPAID OVERTIME**

71.     Plaintiffs, on behalf of themselves and the Collective Action Members, repeat and reallege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

72.     By failing to pay overtime at a rate not less than one and one-half times the regular rate of pay for work performed in excess of 40 hours per week, Defendants have violated and continue to violate the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a)(2).

73.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

74.     Defendants' failure to pay overtime caused Plaintiffs and the Collective Action Members to suffer loss of wages and interest thereon. Plaintiffs and the Collective Action Members are entitled to recover from Defendants their unpaid overtime premium compensation, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to 29 U.S.C. § 216(b).

**THIRD CAUSE OF ACTION**
**<u>FAIR LABOR STANDARDS ACT – UNLAWFUL RETALIATION</u>**
**(<u>Brought on Behalf of Plaintiff Tomas Rivera</u>)**

75.     Plaintiff Rivera on behalf of himself, repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

76.     Plaintiff Rivera attempted to enforce his rights pursuant to the Fair Labor Standards Act by meeting with counsel to file a formal written complaint with this Court regarding Defendants' FLSA violations.

77.     Plaintiff Rivera actions were protected activity under the FLSA.

78.     Defendants then retaliated against Plaintiff Rivera after they suspected Rivera had joined Plaintiff Vicuna's initial formal demand letter regarding Defendants' FLSA wage and hour violations by firing Plaintiff Rivera.

79.     By engaging in the retaliatory acts alleged herein, Defendants retaliated against Plaintiff Rivera and penalized them in violation of the FLSA, 29 U.S.C. § 215(a)(3).

80.     Plaintiff Rivera has suffered damages, including but not limited to emotional distress damages and lost wages as a result of Defendants' retaliation.

81.     Plaintiff Rivera is entitled to equitable relief, monetary relief, including but not limited to compensatory and other damages, reasonable attorneys' fees and costs, punitive damages, and other appropriate relief.

## FOURTH CAUSE OF ACTION
## NEW YORK LABOR LAW – UNPAID MINIMUM WAGE

82.     Plaintiffs, on behalf of themselves and any opt-in plaintiff(s) who join this action, repeat and reallege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

83.     Defendants willfully violated Plaintiffs' rights by failing to pay minimum wage for all hours worked and by improperly paying the "tipped" minimum wage, in violation of the NYLL and regulations promulgated thereunder.

84.     Defendants' failure to pay minimum wages for all hours worked caused Plaintiffs to suffer loss of wages and interest thereon.  By failing to pay Plaintiffs minimum wages for all hours worked and failing to notify Plaintiffs that they were relying on the tip credit in calculating employees' hourly rates, Defendants lose the ability to utilize a tip credit against the FLSA's minimum wage.  Therefore Plaintiffs are entitled to recover from Defendants their full unpaid minimum wages, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to NYLL §§ 663(1) *et seq.*

## FIFITH CAUSE OF ACTION
## NEW YORK LABOR LAW – UNPAID OVERTIME

85.     Plaintiffs, on behalf of themselves and any opt-in plaintiff(s) who join this action, repeat and reallege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

86.     Defendants willfully violated Plaintiffs' rights by failing to pay overtime premiums at a rate of not less than one and one-half times the regular rate of pay for hours worked in excess of 40 each week, in violation of the NYLL and regulations promulgated thereunder.

87.     Defendants' failure to pay overtime premium caused Plaintiffs to suffer loss of wages and interest thereon.  Plaintiffs are entitled to recover from Defendants their unpaid overtime pay, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to NYLL §§ 663(1) *et seq.*

## SIXTH CAUSE OF ACTION
## NEW YORK LABOR LAW – UNPAID SPREAD-OF-HOURS

88.     Plaintiffs, on behalf of themselves and any opt-in plaintiff(s) who join this action, repeat and reallege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

89.     Defendants willfully violated Plaintiffs' rights by failing to pay compensation in an amount equal to one hour's pay at the relevant minimum wage in all instances where Plaintiffs worked either a split shift or more than 10 hours per day, in violation of the NYLL §§ 650, *et seq.*, and the regulations promulgated thereunder including N.Y. Comp. Code R. & Regs. tit. 12, §§ 137-1.7 (2010), 146-1.6 (2012).

90.     Defendants' failure to pay spread-of-hours compensation caused Plaintiff to suffer loss of wages and interest thereon.  Plaintiffs and the Class Members are entitled to recover from Defendants their unpaid spread-of-hours compensation, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees and costs and disbursements of the action pursuant to NYLL §§ 663(1) *et seq*.

**SEVENTH CAUSE OF ACTION**
**NEW YORK LABOR LAW – FAILURE TO PROVIDE WAGE NOTICE**

91.     Plaintiffs, on behalf of themselves and any opt-in plaintiff(s) who join this action, repeat and reallege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

92.     Defendants have willfully failed to supply Plaintiffs notice as required by Article 6, § 195, in English or in the language identified by Plaintiffs as their primary language, containing Plaintiffs' rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay, if applicable;  the regular pay day designated by the employer in accordance with the NYLL, Article 6, § 191; the name of the employer; or any "doing business as" names used by the employer' the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

93.     Due to Defendants' violations of the NYLL, Plaintiffs are entitled to recover from Defendants fifty dollars ($50) per employee for each workweek that the violations occurred or continue to occur, up to a maximum of twenty-five hundred dollars ($2,500) per employee, as provided for by NYLL, Article 6, §§ 190, *et seq*., liquidated damages as provided for by the

NYLL, reasonable attorneys' fees, costs, pre-judgment and post-judgment interest, and injunctive and declaratory relief.

## EIGHTH CAUSE OF ACTION
## NEW YORK LABOR LAW – FAILURE TO PROVIDE WAGE STATEMENT

94.     Plaintiffs, on behalf of themselves and any opt-in plaintiff(s) who join this action, repeat and reallege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

95.     Defendants have willfully failed to supply Plaintiffs with an accurate statement of wages as required by NYLL, Article 6, § 195, containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

96.     Due to Defendants' violations of the NYLL, Plaintiffs are entitled to recover from Defendants one hundred dollars ($100) per employee for each workweek that the violations occurred or continue to occur, up to a maximum of twenty-five hundred dollars ($2,500) per employee, as provided for by NYLL, Article 6, §§ 190 *et seq.*, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, pre-judgment and post-judgment interest, and injunctive and declaratory relief.

## PRAYER FOR RELIEF

Wherefore, Plaintiffs, on behalf of themselves and all other similarly situated Collective Action Members, respectfully request that this Court grant the following relief:

a.   Designation of this action as a collective action on behalf of the Collective Action Members and ordering the prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Opt-In Class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b) and appointing Plaintiffs and their counsel to represent the Collective Action Members;

b.   An order tolling the statute of limitations;

c.   A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the NYLL;

d.   An injunction against Defendants and its officers, agents, successors, employees, representatives and any and all persons acting in concert with Defendants, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

e.   An award of compensatory damages as a result of Defendants' failure to pay minimum wage and overtime compensation pursuant to the FLSA and the NYLL and supporting regulations;

f.   An award of liquidated and/or punitive damages as a result of the Defendants' willful failure to pay minimum wages and overtime compensation pursuant to the FLSA and the NYLL and supporting regulations;

g.      An award of actual and liquidated damages for the non-payment of spread-of-hours pay for each split shift and/or shift worked in New York in excess of ten hours;

h.      Fifty dollars ($50) per Plaintiff for each workweek that the violations of NYLL, Article 6 § 195 occurred or continue to occur, up to a maximum of twenty-five hundred dollars ($2,500) per Plaintiff and each of the Collective Action Members as provided for by NYLL, Article 6 § 198(1)-b;

i.      One hundred dollars ($100) per Plaintiff for each workweek that the violations of NYLL, Article 6 § 195 occurred or continue to occur, up to a maximum of twenty-five hundred dollars per Plaintiff and each of the Class Members as provided for by NYLL, Article 6 § 198(1)-d;

j.      An award of compensatory damages for lost wages, emotional distress, pain and suffering caused by retaliation;

k.      An award of punitive damages under the FLSA and NYLL for retaliation;

l.      An award of prejudgment and post-judgment interest;

m.      An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

n.      Such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all questions of fact raised by the complaint.

Dated: New York, New York
      April 5, 2016

                                   **PELTON GRAHAM LLC**

                                   By: _____
                                   Brent E. Pelton (BP 1055)
                                   pelton@peltongraham.com
                                   Taylor B. Graham (TG 9607)
                                   graham@peltongraham.com
                                   111 Broadway, Suite 1503
                                   New York, New York 10006
                                   Telephone: (212) 385-9700
                                   Facsimile: (212) 385-0800

                                   *Attorneys for Plaintiffs and the putative collective*

## CONSENTIMIENTO PARA SER UN DEMANDANTE

Por mi firma abajo yo autorizo la presentación y tramitación de una acción legal bajo la Ley Federal de Normas Razonables de Trabajo y/o las Normas Laborales del Estado de Nueva York arriba mencionadas, en mi nombre y representación en contra de Two Lizard Mexican Bar & Grill y sus respectivos propietarios, gerentes, oficiales, directores, sucesores, predecesores, subsidiarias y afiliados (el "Empleador"). Yo autorizo ser nombrado como **demandante representativo** en esta acción legal para tomar decisiones en nombre de otros demandantes a quienes pueda concernir el resultado de este proceso, el método y la manera en cómo debe llevarse a cabo este litigio, y la decisión de llegar a un acuerdo dentro de la causa y todo lo que concierna a los honorarios profesionales y costas del proceso y cualesquiera otras decisiones relacionadas con este litigio. Yo entiendo que estaré representado por Pelton & Associates PC sin tener que pagar por adelantado costas u honorarios de abogados. Yo entiendo que si los demandantes tienen éxito, los costos asumidos por los abogados en mi nombre serán deducidos de la porción de mi acuerdo en una conciliación o como resultado de una sentencia en juicio. Yo entiendo que mis Abogados podrán solicitar a la Corte que les sean retribuidos los honorarios y costas procesales por parte de los demandados en nombre mío. Yo entiendo que los valores de retención de los Abogados podrán ser ya sea el monto recibido por parte de los demandados o el monto aproximado de 1/3 (33.33%) del total del acuerdo de conciliación o del valor obtenido a través de la sentencia (incluyendo honorarios), cual sea la suma más alta.

_____     10-28-15         Juan Vicuña
         Firma            Fecha              Nombre Escrito

## CONSENTIMIENTO PARA SER UN DEMANDANTE

Por mi firma abajo yo autorizo la presentación y tramitación de una acción legal bajo la Ley Federal de Normas Razonables de Trabajo y/o las Normas Laborales del Estado de Nueva York arriba mencionadas, en mi nombre y representación en contra de Two Lizard Mexican Bar & Grill y sus respectivos propietarios, gerentes, oficiales, directores, sucesores, predecesores, subsidiarias y afiliados (el "Empleador"). Yo autorizo ser nombrado como **demandante representativo** en esta acción legal para tomar decisiones en nombre de otros demandantes a quienes pueda concernir el resultado de este proceso, el método y la manera en cómo debe llevarse a cabo este litigio, y la decisión de llegar a un acuerdo dentro de la causa y todo lo que concierna a los honorarios profesionales y costas del proceso y cualesquiera otras decisiones relacionadas con este litigio. Yo entiendo que estaré representado por Pelton & Associates PC sin tener que pagar por adelantado costas u honorarios de abogados. Yo entiendo que si los demandantes tienen éxito, los costos asumidos por los abogados en mi nombre serán deducidos de la porción de mi acuerdo en una conciliación o como resultado de una sentencia en juicio. Yo entiendo que mis Abogados podrán solicitar a la Corte que les sean retribuidos los honorarios y costas procesales por parte de los demandados en nombre mío. Yo entiendo que los valores de retención de los Abogados podrán ser ya sea el monto recibido por parte de los demandados o el monto aproximado de 1/3 (33.33%) del total del acuerdo de conciliación o del valor obtenido a través de la sentencia (incluyendo honorarios), cual sea la suma más alta.

| | | |
|---|---|---|
| Firma | Fecha | Nombre Escrito |

## CONSENTIMIENTO PARA SER UN DEMANDANTE

Por mi firma abajo yo autorizo la presentación y tramitación de una acción legal bajo la Ley Federal de Normas Razonables de Trabajo y/o las Normas Laborales del Estado de Nueva York arriba mencionadas, en mi nombre y representación en contra de Two Lizard Mexican Bar & Grill y sus respectivos propietarios, gerentes, oficiales, directores, sucesores, predecesores, subsidiarias y afiliados (el "Empleador"). Yo autorizo ser nombrado como **demandante representativo** en esta acción legal para tomar decisiones en nombre de otros demandantes a quienes pueda concernir el resultado de este proceso, el método y la manera en cómo debe llevarse a cabo este litigio, y la decisión de llegar a un acuerdo dentro de la causa y todo lo que concierna a los honorarios profesionales y costas del proceso y cualesquiera otras decisiones relacionadas con este litigio. Yo entiendo que estaré representado por Pelton & Associates PC sin tener que pagar por adelantado costas u honorarios de abogados. Yo entiendo que si los demandantes tienen éxito, los costos asumidos por los abogados en mi nombre serán deducidos de la porción de mi acuerdo en una conciliación o como resultado de una sentencia en juicio. Yo entiendo que mis Abogados podrán solicitar a la Corte que les sean retribuidos los honorarios y costas procesales por parte de los demandados en nombre mío.  Yo entiendo que los valores de retención de los Abogados podrán ser ya sea el monto recibido por parte de los demandados o el monto aproximado de 1/3 (33.33%) del total del acuerdo de conciliación o del valor obtenido a través de la sentencia (incluyendo honorarios), cual sea la suma más alta.


Valery Roldan
_____
Firma

03/10/16
_____
Fecha

Valery Roldan.
_____
Nombre Escrito

## CONSENTIMIENTO PARA SER UN DEMANDANTE

Por mi firma abajo yo autorizo la presentación y tramitación de una acción legal bajo la Ley Federal de Normas Razonables de Trabajo y/o las Normas Laborales del Estado de Nueva York arriba mencionadas, en mi nombre y representación en contra de Two Lizard Mexican Bar & Grill y sus respectivos propietarios, gerentes, oficiales, directores, sucesores, predecesores, subsidiarias y afiliados (el "Empleador"). Yo autorizo ser nombrado como **demandante representativo** en esta acción legal para tomar decisiones en nombre de otros demandantes a quienes pueda concernir el resultado de este proceso, el método y la manera en cómo debe llevarse a cabo este litigio, y la decisión de llegar a un acuerdo dentro de la causa y todo lo que concierna a los honorarios profesionales y costas del proceso y cualesquiera otras decisiones relacionadas con este litigio. Yo entiendo que estaré representado por Pelton & Associates PC sin tener que pagar por adelantado costas u honorarios de abogados. Yo entiendo que si los demandantes tienen éxito, los costos asumidos por los abogados en mi nombre serán deducidos de la porción de mi acuerdo en una conciliación o como resultado de una sentencia en juicio. Yo entiendo que mis Abogados podrán solicitar a la Corte que les sean retribuidos los honorarios y costas procesales por parte de los demandados en nombre mío. Yo entiendo que los valores de retención de los Abogados podrán ser ya sea el monto recibido por parte de los demandados o el monto aproximado de 1/3 (33.33%) del total del acuerdo de conciliación o del valor obtenido a través de la sentencia (incluyendo honorarios), cual sea la suma más alta.

_____     3/10/16     TOMAS RIVERA HERNANDEZ
Firma                     Fecha        Nombre Escrito