UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------X
JUAN VICUNA, SORAIDA MENDEZ, VALERY      Docket No.: 16 CV 2545 (PGG) (RLE)
ROLDAN, and TOMAS RIVERA, Individually and on
behalf of all others similarly situated,

                        Plaintiffs,

       -against-

LIZARD O'S INC. d/b/a TWO LIZARDS MEXICAN
BAR & GRILL, JUAN LIZ and MANUEL
MELCHOR, Jointly and Severally,

                        Defendants.
--------------------------------------------------------------X

## SETTLEMENT AND GENERAL RELEASE AGREEMENT

     **WHEREAS**, Juan Vicuna, Soraida Mendez, Valery Roldan, and Tomas Rivera

("Plaintiffs") have alleged that they have been the subject of unlawful employment practices by

Lizard O's Inc., d/b/a Two Lizards Mexican Bar & Grill, Juan Liz, and Manuel Melchor

(collectively referred to herein as "Defendants");

     **WHEREAS**, Plaintiffs commenced an action against Defendants on April 5, 2016, in the

United States District Court for the Southern District of New York (the "Court"), bearing Docket

No. 16 CV 2545 (PGG) (RLE) (the "Action");

     **WHEREAS**, Defendants have denied Plaintiffs' allegations, and have contended that

Plaintiffs' allegations are unfounded and lack merit;

     **WHEREAS**, Plaintiffs and Defendants (hereafter collectively referred to as the

"Parties") desire to fully and finally resolve and settle in full all claims that Plaintiffs have, had,

or may have against Defendants, including, but not limited to, all claims and issues that were or

1

could have been raised by Plaintiffs, by way of this Settlement and General Release Agreement ("Agreement");

**WHEREAS**, Plaintiffs' counsel of record in the Action and Defendants' counsel of record in the Action have negotiated extensively in good faith, including a settlement conference before Magistrate Judge Ronald L. Ellis on September 14, 2016, to reach a settlement acceptable to the Parties that constitutes a reasonable compromise of the *bona fide* dispute between the Parties;

**NOW, THEREFORE**, in consideration of the mutual promises and covenants set forth herein, the receipt and sufficiency of which is hereby acknowledged, and incorporating the above "Whereas" clauses in this Agreement, the Parties agree as follows:

1.    In consideration of the payment to Plaintiffs by Defendant Lizard O's Inc. d/b/a Two Lizards Mexican Bar and Grill of the gross sum of One Hundred Six Thousand Dollars and Zero Cents ($106,000.00) (the "Settlement Amount"), to which Plaintiffs are not otherwise entitled, Plaintiffs hereby release and forever discharge Defendants as well as their current and former owners, managers, supervisors, employees, directors, administrators, officers, shareholders, accountants, attorneys, insurers and insurance carriers, heirs, executors, administrators, agents, successors, assigns, and agents, as well as anyone employed by or affiliated with Defendants, deemed by Plaintiffs to be "employers," both individually and in their official capacities, as well as Defendants' respective parent companies, affiliates, predecessors, successors, subsidiaries, and other related companies, including but not limited to service and program partners, vendors, and business partners, (all of said individuals and entities referenced above are hereinafter collectively referred to herein jointly and severally as "Releasees"), from any and all known and unknown claims, complaints, causes of action, lawsuits, demands, back-

2

wages, benefits, attorneys' fees, pain and suffering, debts, controversies, damages, judgments, in law or equity, of any kind, nature and character, which Plaintiffs, their heirs, executors, administrators, agents, successors, and assigns, have, had, or hereafter can have against Releasees, from the beginning of time to the date of this Agreement. Said release includes, but is not limited to, all claims set forth in the Action, all claims of unpaid compensation, improper notice, improper deductions, unpaid overtime, discrimination, wrongful discharge, harassment, retaliation, negligence, and all tort, contractual, or statutory claims (including claims arising under any federal, state, local, or common law) including but not limited to, all claims under the Fair Labor Standards Act, New York Labor Law, Title VII of the Civil Rights Act of 1964, New York State Executive Law, the New York City Human Rights Law, the Age Discrimination in Employment Act, Older Workers Benefit Protection Act, Equal Pay Act, Americans with Disabilities Act, Family and Medical Leave Act, 42 U.S.C. Section 1981 and 1983, the Genetic Information Nondiscrimination Act, the Immigration Reform and Control Act, the Occupational Safety and Health Act, Labor Management Relations Act of 1947, and the National Labor Relations Act. This General Release shall include, without limitation, any and all claims relating to, or in any manner connected with Plaintiffs' employment with Defendants.

2.     In further consideration for the release of Defendants by Plaintiffs, Defendants hereby release and forever discharge Plaintiffs, as well as Plaintiffs' heirs, executors, administrators, agents, successors, and assigns, from any and all known and unknown claims, complaints, causes of action, lawsuits, demands, attorneys' fees, pain and suffering, debts, controversies, damages, judgments, in law or equity, of any kind, nature and character, which Defendants, and as applicable, their respective heirs, executors, administrators, agents, successors, and assigns, as well as current and former owners, managers, supervisors, employees,

3

directors, officers, shareholders, accountants, attorneys, insurers and insurance carriers, agents, parent companies, predecessors, successors, and subsidiaries, have, had, or hereafter can have against Plaintiffs, from the beginning of time to the date of the Agreement. This General Release shall include, without limitation, any and all claims relating to, or in any manner connected with Plaintiffs' employment with Defendants.

3.      By entering into this Agreement, Plaintiffs acknowledge that their employment with Defendants has ended and they voluntarily and knowingly waive any and all rights to re-employment with Defendants. Plaintiffs acknowledge that they shall not seek re-employment with Defendants.

4.      Provided that: (1) the seven day revocation period set forth in Paragraph 26 of this Agreement has expired without **any** Plaintiffs' revocation; (2) Defendants receive: (i) this Agreement, fully executed and signed by Plaintiffs before a notary public; (ii) an IRS W-9 form executed by Plaintiffs' counsel; (iii) an IRS W-9 form and W-4 form executed by each Plaintiff; and (iv) the Stipulation of Dismissal, in the form attached as "Exhibit A," executed by Plaintiffs' counsel; and (3) the Court approves this settlement and endorses the stipulation of Dismissal, the settlement amount shall be paid as follows:

> (a)     Within thirty (30) days of the date that all the aforementioned conditions are satisfied, Defendant Lizard O's Inc. d/b/a Two Lizards Mexican Bar & Grill shall make a payment of Twenty Five Thousand Dollars and Zero Cents ($25,000.00) (the "Initial Payment") which shall be allocated in separate checks as follows:
>
> > i. One (1) check from or on behalf of Defendant Lizard O's Inc. d/b/a Two Lizards Mexican Bar & Grill made payable to "Juan Vicuna" in

4

the gross amount of $2,407.55, less all applicable tax withholdings and deductions representing payment for Juan Vicuna's claims for alleged economic damages (including, but not limited to unpaid wages);

ii.   One (1) check from or on behalf of Defendant Lizard O's Inc. d/b/a Two Lizards Mexican Bar & Grill made payable to "Juan Vicuna" in the gross amount of $2,407.55, representing payment for Juan Vicuna's claims for alleged non-economic damages (including, but not limited to, liquidated damages);

iii.   One (1) check from or on behalf of Defendant Lizard O's Inc. d/b/a Two Lizards Mexican Bar & Grill made payable to "Soraida Mendez" in the gross amount of $2,241.51, less all applicable tax withholdings and deductions representing payment for Soraida Mendez's claims for alleged economic damages (including, but not limited to unpaid wages);

iv.   One (1) check from or on behalf of Defendant Lizard O's Inc. d/b/a Two Lizards Mexican Bar & Grill made payable to "Soraida Mendez" in the gross amount of $2,241.51, representing payment for Soraida Mendez's claims for alleged non-economic damages (including, but not limited to, liquidated damages);

v.   One (1) check from or on behalf of Defendant Lizard O's Inc. d/b/a Two Lizards Mexican Bar & Grill made payable to "Valery Roldan" in the gross amount of $2,075.47, less all applicable tax withholdings and deductions representing payment for Valery Roldan's claims for

alleged economic damages (including, but not limited to unpaid wages);

vi. One (1) check from or on behalf of Defendant Lizard O's Inc. d/b/a Two Lizards Mexican Bar & Grill made payable to "Valery Roldan" in the gross amount of $2,075.47, representing payment for Valery Roldan's claims for alleged non-economic damages (including, but not limited to, liquidated damages);

vii. One (1) check from or on behalf of Defendant Lizard O's Inc. d/b/a Two Lizards Mexican Bar & Grill made payable to "Tomas Rivera" in the gross amount of $1,577.36, less all applicable tax withholdings and deductions representing payment for Tomas Rivera's claims for alleged economic damages (including, but not limited to unpaid wages);

viii. One (1) check from or on behalf of Defendant Lizard O's Inc. d/b/a Two Lizards Mexican Bar & Grill made payable to "Tomas Rivera" in the gross amount of $1,577.36, representing payment for Tomas Rivera's claims for alleged non-economic damages (including, but not limited to, liquidated damages);

ix. One (1) check from or on behalf of Defendant Lizard O's Inc. d/b/a Two Lizards Mexican Bar & Grill made payable to "Pelton Graham LLC" in the gross amount of $8,396.22 representing payment for Plaintiffs' claims for attorneys' fees, and costs.

(b)     Thirty (30) days following the date payment is made in sub-part (a) of this Paragraph, and continuing on a monthly basis for an additional twenty-nine (29) consecutive months (for a total of (30) installment payments), the remaining balance of the Settlement Amount shall be paid via installment payments.   Each installment payment shall be paid in the manner provided in the chart annexed hereto as Schedule A.

5.      The settlement checks described above shall be delivered to or mailed to the attention of Brent Pelton, Esq., Pelton Graham LLC, 111 Broadway, Suite 1503, New York, New York 10006.

6.      Defendants may issue an IRS form W-2 and an IRS form 1099 to Plaintiffs and an IRS form 1099 to their counsel reflecting the amounts in Paragraph 4, at the appropriate time.   Plaintiffs agree to hold Defendants harmless, and indemnify Defendants from any payments Defendants may be required to make to any taxing authority resulting from the payment of the Settlement Amount, or as a result of Plaintiffs' failure to pay any taxes related to said income.

7.      Concurrently with the execution of this Agreement, Defendants Lizard O's Inc. d/b/a Two Lizards Bar and Grill and Juan Liz shall execute an Affidavit of Confession of Judgment in the form attached hereto as Exhibit B.   Defendants shall provide Plaintiffs' counsel with said executed Affidavit of Confession of Judgment bearing original signatures.   The Affidavit of Confession of Judgment will be held in escrow by Plaintiffs' counsel.   In the event Defendants are in default of any of the payments required under Paragraph 4 of this Agreement, Plaintiffs' counsel shall provide seven (7) calendar days' written notice to Defendants' counsel of his intent to file the Affidavit of Confession of Judgment with the clerk of court of any court

7

of competent jurisdiction for judgment to be entered against Defendants Lizard O's Inc. d/b/a Two Lizards Bar and Grill and Juan Liz, jointly and severally, Inc. declaring the entire sum then unpaid immediately due and payable, less any payments already made by Defendants pursuant to this Agreement.  Defendants will have seven (7) calendar days to remedy their default before Plaintiffs file the Affidavit of Confession of Judgment.  Upon complete satisfaction of all payments set forth in Paragraph 4, Plaintiffs' counsel will return the Affidavit of Confession of Judgment to Defendants' counsel.

8.      Plaintiffs promise and represent that they will withdraw, with prejudice, any and all outstanding administrative complaints or charges, filed with any federal, state and local agencies/administrative bodies, and will also withdraw with prejudice all judicial actions, including this Action, and as well as any and all other lawsuits, claims, demands or actions pending against Releasees, both individually and in their/its official capacities.  Plaintiffs will not file any administrative or judicial complaints, charges, lawsuits, claims, demands or actions of any kind against Releasees as they acknowledge no valid basis for filing such claims.  In the event any such complaints, charges, lawsuits, claims, demands or actions are not withdrawn or are filed due to circumstances beyond the control of Plaintiffs, Plaintiffs promise and represent that they will not voluntarily testify, give evidence or otherwise participate or cooperate in any investigation or other proceedings connected with or resulting from such complaints, charges, lawsuits, claims, demands or actions, and that Plaintiffs will execute such papers or documents as the requesting party determines may be necessary to have said complaint, charge, lawsuit, claim, demand or action dismissed with prejudice.  Nothing herein shall prevent Plaintiffs from filing a charge of discrimination with any agency or cooperating with an investigation by an

8

agency; however, this Agreement shall bar them from receiving monetary compensation in connection therewith.

9.      Plaintiffs acknowledge that they have received sufficient consideration as set forth in this Agreement.  Plaintiffs expressly acknowledge that the release provisions herein shall be given full force and effect in accordance with each and all of the terms and provisions expressed herein, including, but not limited to, those terms and provisions relating to unknown or unsuspected rights, claims, demands and causes of action, if any, to the same effect as those terms and provisions relating to any other claims, demands or causes of action herein specified.

10.      **Plaintiff Tomas Rivera further acknowledges that he is explicitly waiving and releasing any rights he may have under the Age Discrimination in Employment Act, and that this waiver and release, as fully set forth in Paragraphs 1 and 26, is knowing and voluntary.**

11.      Plaintiffs acknowledge that they have been paid in full for all time worked and are owed no other forms of compensation, including, but not limited to, any wages, tips, overtime, minimum wage, spread of hours pay, call-in pay, vacation or sick pay, accrued benefits, bonus or commission.

12.      Plaintiffs agree that they shall not make any statement, written, oral or electronic, which in any way disparages Defendants, any employee Plaintiffs know to be employed by Defendants, or Defendants' business practices.  However, this Paragraph shall not be interpreted to prevent Plaintiffs from making truthful statements concerning their experience litigating this Action.  Juan Liz and Manuel Melchor agree that they will not make any statement, written, oral, or electronic which in any way disparages Plaintiffs.

9

13.     Except as set forth herein, this Agreement shall not be cited in any matter for any purpose against Releasees, their affiliates, subsidiaries, predecessors, successors, assigns, and any of their respective officers, directors, employees, administrators, benefit plans, welfare plans, deferred compensation plans or long-term incentive plans, or as proof of liability of any sort. Under no circumstances shall this Agreement, or the resolution of the Action, be cited as evidence in any proceeding against Releasees for any purpose.

14.     The Parties agree that, in an action arising from any alleged breach by any party of the Agreement, in addition to any remedies available to the non-breaching party in law or equity for a breach thereof, the non-breaching party shall be entitled to receive from the breaching party a sum of Four Thousand Dollars ($4,000) as liquidated damages. The prevailing party will also be entitled to costs and expenses, including reasonable attorneys' fees, incurred in enforcing said provisions and/or defending any action(s). Furthermore, should any party threaten to breach this Agreement, such party understands that such breach or threatened breach can cause irreparable harm, thereby warranting injunctive relief. In that event, the non-breaching party will be entitled to an injunction, with no posting requirement. The breaching party shall be liable for all costs and fees associated with securing the appropriate injunctive relief.

15.     Plaintiffs acknowledge that this Agreement does not constitute an admission by Releasees of any wrongful action or violation of any federal or state statute, or common law rights, including those relating to the provisions of any law or statute concerning employment actions, or an admission by Releasees that Plaintiffs' claims have merit. In fact, Plaintiffs acknowledge that Releasees explicitly refute and deny any claims of wrongdoing.

16.     This Agreement shall not be interpreted in favor of or against either party on account of such party's counsel having drafted this Agreement.

17.     Plaintiffs acknowledge that they have not divested, hypothecated, or otherwise bargained away any interest they possess in their purported claims. Plaintiffs acknowledge and represent that they know of no other person or entity that holds a remunerative interest in any plausible legal claims they could assert and Plaintiffs acknowledge and represent that there are no other persons or entities with standing to bring any plausible legal claims that could have been asserted by Plaintiffs.

18.     Plaintiffs are competent to enter into this Agreement.   Plaintiffs are not affected or impaired by illness, use of alcohol, drugs, medication or other substances or otherwise impaired.  Plaintiffs are not a party to any bankruptcy, lien, creditor-debtor or other proceeding which would impair their right to settle all claims, and to release all claims, both known and unknown, pursuant to this Agreement.

19.     Plaintiffs confirm that they have not been induced by any representation or promise that does not expressly and unequivocally appear in this Agreement or by any act or omission of Defendants to execute this Agreement.

20.     Plaintiffs affirm that they are not a Medicare or Medicaid beneficiaries as of the date of this Agreement and, therefore, no conditional payments have been made by Medicare or Medicaid.

21.     The Parties agree that they shall execute any other instruments and/or documents that are reasonable or necessary to implement this Agreement, including, but not limited to, the Stipulation of Dismissal annexed hereto as "Exhibit A."

22.     The invalidity or unenforceability of any provisions of this Agreement shall not affect the validity or enforceability of any other provision of this Agreement, which shall remain in full force and effect.

11

23.     This Agreement may only be modified, altered or changed in writing, signed by the Parties.

24.     This Agreement shall be subject to and governed by the laws of the State of New York without giving effect to principles of conflicts of law.

25.     This Agreement may be executed in any number of counterparts, each of which shall be deemed to be an original as against any party whose signature appears thereon, and all of which shall together constitute one and the same instrument.  In addition, any ADOBE PDF scanned copies or facsimiled copies of the Agreement, executed in any number of counterparts, shall be deemed to be an original as against any party whose signature appears thereon, and all of which shall together constitute one and the same instrument. All other notices and documents set forth herein shall be delivered to counsel for Defendants, Jeffery A. Meyer, Esq. and Aaron N. Solomon, Esq., Kaufman Dolowich & Voluck, LLP, 135 Crossways Park Drive, Suite 201, Woodbury, New York 11797; (516) 681-1100; facsimile (516) 681-1101, jmeyer@kdvlaw.com and asolomon@kdvlaw.com, and counsel for Plaintiffs, Taylor Graham, Esq, Pelton Graham LLC, 111 Broadway, Suite 1503, New York, New York 10006. (212) 385-9700 (phone), (212) 385-0800 (fax), graham@peltongraham.com.

26.     Plaintiffs represent that they have been advised to consult legal counsel regarding this Agreement prior to their execution of same.  Plaintiffs further represent that they have been provided the opportunity of at least 21 days to review this Agreement, and that to the extent they execute this Agreement before that 21 day period expires, they freely and voluntarily elect to forgo waiting 21 days prior to their execution of the Agreement. Plaintiffs fully understand all of the provisions of this Agreement and are executing same freely and voluntarily. Plaintiffs further understand that they can revoke their acceptance by communicating their

revocation in writing, so as to be received by counsel for Defendants within seven days of Plaintiffs' execution of the Agreement in accordance with the notice provisions in Paragraph 25.

27.     The Parties recognize and understand that the Court must review and approve this settlement.  In doing so, if the Court should determine that the scope of the releases contained herein are overly broad, the parties agree that the Court shall have the authority to modify the scope of the releases so as to make same enforceable to the fullest extent as the law may allow.  However, under no circumstances will the releases contained herein be narrower than a full and complete release of: (a) any and all claims brought by Plaintiffs in this action; and (b) any and all claims brought by Plaintiffs under the Fair Labor Standards Act or the New York Labor Law.

**IN WITNESS WHEREOF**, Plaintiff and Defendants have duly executed this Settlement Agreement and General Release freely and voluntarily.

_____
JUAN VICUNA

_____
SORAIDA MENDEZ

_____
VALERY ROLDAN

_____
TOMAS RIVERA

_____
LIZARD O'S, INC. D/B/A TWO LIZARDS MEXICAN
BAR AND GRILL
By:
Title:

_____
JUAN LIZ

13

_____
MANUEL MELCHOR

STATE OF NEW YORK    }

                        }S.S.

COUNTY OF ___New York___  }

> **TAYLOR BELL GRAHAM**
> NOTARY PUBLIC-STATE OF NEW YORK
> No. 02GR6345792
> Qualified In New York County
> My Commission Expires 08-01-2020

On __11/3__ , 2016, before me personally came JUAN VICUNA, to me known, and known to me to be the individual described in, and who executed the foregoing Settlement Agreement and General Release, and duly acknowledged to me that he executed the same.

_____
NOTARY PUBLIC

STATE OF NEW YORK    }

                        }S.S.

COUNTY OF ___New York___  }

> **TAYLOR BELL GRAHAM**
> NOTARY PUBLIC-STATE OF NEW YORK
> No. 02GR6345792
> Qualified In New York County
> My Commission Expires 08-01-2020

On __11/3__ , 2016, before me personally came TOMAS RIVERA, to me known, and known to me to be the individual described in, and who executed the foregoing Settlement Agreement and General Release, and duly acknowledged to me that he executed the same.

_____
NOTARY PUBLIC

STATE OF NEW YORK    }

                        }S.S.

COUNTY OF ___New York___  }

> **TAYLOR BELL GRAHAM**
> NOTARY PUBLIC-STATE OF NEW YORK
> No. 02GR6345792
> Qualified In New York County
> My Commission Expires 08-01-2020

On __11/3__ , 2016, before me personally came SORAIDA MENDEZ, to me known, and known to me to be the individual described in, and who executed the foregoing Settlement Agreement and General Release, and duly acknowledged to me that he executed the same.

_____
NOTARY PUBLIC

14

STATE OF NEW YORK     }
                       }S.S.
COUNTY OF __New York__  }

TAYLOR BELL GRAHAM
NOTARY PUBLIC-STATE OF NEW YORK
No. 02GR6345792
Qualified In New York County
My Commission Expires 08-01-2020

On __11/3__, 2016, before me personally came VALERY ROLDAN, to me known, and known to me to be the individual described in, and who executed the foregoing Settlement Agreement and General Release, and duly acknowledged to me that he executed the same.

NOTARY PUBLIC

15

revocation in writing, so as to be received by counsel for Defendants within seven days of Plaintiffs' execution of the Agreement in accordance with the notice provisions in Paragraph 25.

27.     The Parties recognize and understand that the Court must review and approve this settlement.  In doing so, if the Court should determine that the scope of the releases contained herein are overly broad, the parties agree that the Court shall have the authority to modify the scope of the releases so as to make same enforceable to the fullest extent as the law may allow.  However, under no circumstances will the releases contained herein be narrower than a full and complete release of: (a) any and all claims brought by Plaintiffs in this action; and (b) any and all claims brought by Plaintiffs under the Fair Labor Standards Act or the New York Labor Law.

**IN WITNESS WHEREOF**, Plaintiff and Defendants have duly executed this Settlement Agreement and General Release freely and voluntarily.

_____
JUAN VICUNA

_____
SORAIDA MENDEZ

_____
VALERY ROLDAN

_____
TOMAS RIVERA

_____
LIZARD O'S, INC. D/B/A TWO LIZARDS MEXICAN
BAR AND GRILL
By:
Title: _____  President
JUAN LIZ

13

*Francisco M Melchor*

MANUEL MELCHOR

STATE OF NEW YORK          }
                          } S.S.
COUNTY OF _____ }

On _____, 2016, before me personally came JUAN VICUNA, to me known, and known to me to be the individual described in, and who executed the foregoing Settlement Agreement and General Release, and duly acknowledged to me that he executed the same.

_____
NOTARY PUBLIC

STATE OF NEW YORK          }
                          } S.S.
COUNTY OF _____ }

On _____, 2016, before me personally came TOMAS RIVERA, to me known, and known to me to be the individual described in, and who executed the foregoing Settlement Agreement and General Release, and duly acknowledged to me that he executed the same.

_____
NOTARY PUBLIC

STATE OF NEW YORK          }
                          } S.S.
COUNTY OF _____ }

On _____, 2016, before me personally came SORAIDA MENDEZ, to me known, and known to me to be the individual described in, and who executed the foregoing Settlement Agreement and General Release, and duly acknowledged to me that he executed the same.

_____
NOTARY PUBLIC

14

# Schedule A – Installment Payment Schedule

| Odd/Even Monthly Installments | PAYEE | PAID ON A W-2 or 1099 | AMOUNT | CONSIDERATION REPRESENTED |
|---|---|---|---|---|
| Odd Numbered Payments | Juan Vicuna | W-2 | $520.03[1] | Economic Damages |
| Odd Numbered Payments | Soraida Mendez | W-2 | $484.17 | Economic Damages |
| Odd Numbered Payments | Valery Roldan | W-2 | $448.30 | Economic Damages |
| Odd Numbered Payments | Tomas Rivera | W-2 | $340.71 | Economic Damages |
| Odd Numbered Payments | Pelton Graham, LLC | 1099 | $906.79 | Attorney's fees and Costs |
| Even Numbered Payments | Juan Vicuna | 1099 | $520.03 | Non-Economic Damages |
| Even Numbered Payments | Soraida | 1099 | $484.17 | Non-Economic |

---

[1] As the amounts for odd numbered payments are offered in consideration for economic damages, the odd numbered payment amounts listed herein reflect the gross amount of each payment, before tax withholdings and lawful deductions.

16

|  | Mendez |  |  | Damages |
|---|---|---|---|---|
| Even Numbered Payments | Valery Roldan | 1099 | $448.30 | Non-Economic Damages |
| Even Numbered Payments | Tomas Rivera | 1099 | $340.71 | Non-Economic Damages |
| Even Numbered Payments | Pelton Graham, LLC | 1099 | $906.79 | Attorney's fees and Costs |

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------X
JUAN VICUNA, SORAIDA MENDEZ, VALERY          Docket No.: 16 CV 2545 (PGG)
ROLDAN, and TOMAS RIVERA, Individually and    (RLE)
on behalf of all others similarly situated,

                                   Plaintiffs,

            -against-                            **STIPULATION OF DISMISSAL**

LIZARD O'S INC. d/b/a TWO LIZARDS
MEXICAN BAR & GRILL, JUAN LIZ and
MANUEL MELCHOR, Jointly and Severally,

                                   Defendants.
--------------------------------------------------------------X

    **IT IS HEREBY STIPULATED AND AGREED**, by and between the Parties in the
above captioned action through their undersigned counsel that, in accordance with Rule
41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure, the Complaint in the above-captioned
action and all claims alleged therein be dismissed with prejudice, with each party to bear their
own fees and costs; and that Plaintiffs are precluded from bringing any further claims under the
Fair Labor Standards Act or New York Labor Law, or any federal, state or local law, for unpaid
wages, including overtime pay, for the period set forth in Plaintiffs' Complaint. This Court shall
retain jurisdiction to enforce the parties' Settlement Agreement.

    **IT IS FURTHER STIPULATED AND AGREED** that this Stipulation may be
executed in counterparts with scanned PDF or facsimile signatures treated as originals.

1

Kaufman Dolowich &Voluck, LLP
*Attorneys for Defendants*

By: ~~Jeffery A. Meyer,~~ Esq. ~~Aaron~~ M. Solomon
135 Crossways Park Drive, Ste. 201    Esq.
Woodbury, New York 11797
(516) 681-1100

Pelton Graham LLC
*Attorneys for Plaintiffs*

By:  Taylor Graham, Esq.
111 Broadway, Suite 1503
New York, New York
(212)385-9700

SO-ORDERED

_____
The Hon. Ronald L. Ellis U.S.M.J.

# EXHIBIT B

3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
JUAN VICUNA, SORAIDA MENDEZ, VALERY
ROLDAN, and TOMAS RIVERA, Individually and on
behalf of all others similarly situated,

              Docket No.: 16 CV 2545 (PGG) (RLE)

        Plaintiffs,

     -against-

LIZARD O'S INC. d/b/a TWO LIZARDS MEXICAN
BAR & GRILL, JUAN LIZ and MANUEL MELCHOR,
Jointly and Severally,

        Defendants.
-------------------------------------------------------------------X

## AFFIDAVIT FOR JUDGMENT BY CONFESSION

STATE OF NEW YORK   )
             )  ss.:
COUNTY OF _____ )

  Juan Liz being duly sworn, deposes and says:

  1.  I am a Defendant in the above-entitled action and I am a principal of Defendant
Lizard O's Inc., d/b/a Two Lizards Mexican Bar & Grill (the "Corporate Defendant"). I reside at

_____.

  2.  I am duly authorized to make this affidavit pursuant to § 3218 of the New York
Civil Practice Law and Rules, in support of Plaintiffs' application for the entry of a judgment by
confession against me and the Corporate Defendant in the above-captioned action.

  3.  This is a judgment to be confessed for money due.  The facts out of which the
debt arose and that the sum confessed is justly due is set forth below.

  4.  In or around October 2016, Defendants agreed to pay the total sum of One
Hundred Six Thousand Dollars and Zero Cents and Zero Cents ($106,000.00) in exchange for
the dismissal of the above-captioned action, with prejudice, and the Parties executed a Settlement
and General Release Agreement (the "Agreement"), attached hereto as Exhibit A.

5.      Under the terms of the Agreement, Defendants agreed to pay a total gross settlement amount of One Hundred Six Thousand Dollars and Zero Cents ($106,000.00) via an initial payment of Twenty Five Thousand Dollars and Zero Cents ($25,000.00) followed by thirty equal monthly installments of Two Thousand Seven Hundred Dollars and Zero Cents ($2,700) until the total settlement amount was paid.

6.      Under the terms of the Agreement, I agreed to execute the instant Affidavit for Confession of Judgment on behalf of myself and the Corporate Defendant in the amount of One Hundred Six Thousand Dollars and Zero Cents ($106,000.00), less any payments made by Defendants under said Agreement.

7.      Under the terms of the Agreement, if Defendants are in default in the payment of any of the said installments, Plaintiff shall provide seven (7) calendar days' notice to Defendants of their intent to file the Affidavit for Confession of Judgment with the clerk of any court of competent jurisdiction.  Defendants shall seven (7) calendar days to remedy their default.

8.      Accordingly, if Defendants do not remedy their default within seven (7) calendar days of their receipt of such notice, I hereby authorize the entry of judgment in the amount of One Hundred Six Thousand Dollars and Zero Cents, less any payments made by Defendants under said Agreement, against myself and the Corporate Defendants, jointly and severally.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

2

9.      I hereby confess judgment and authorize this confessed judgment to be entered with the clerk of any court of competent jurisdiction.

Dated:      _03_____, New York
            _NOV._____, 2016

_____
Juan Liz

STATE OF NEW YORK                    }
                                     } S.S.
COUNTY OF _NEW YORK_                 }

On _3 NOV_, 2016, before me personally came Juan Liz, to me known, and known to me to be the individual described in, and who executed the foregoing Affidavit for Judgment by Confession, and duly acknowledged to me that he executed the same.

_____
NOTARY PUBLIC

> MOHAMMAD RASHID RIAZ
> Notary Public - State of New York
> No. 01RI6320662
> Qualified in Queens County
> My Comm. Expires Mar. 9, 2019

_____
LIZARD O's INC., D/B/A TWO LIZARDS MEXICAN
BAR AND GRILL
By:
Title: _President_

STATE OF NEW YORK                    }
                                     } S.S.
COUNTY OF _NEW YORK_                 }

On _3 NOV_____, 2016, before me personally came _Juan A. Liz_, and acknowledged himself or herself to be an officer of Lizard O's Inc., d/b/a Two Lizards Mexican Bar and Grill, and that he or she, as such, being authorized so to do, executed the foregoing Affidavit for Judgment by Confession for the purposes therein contained, by signing his or her name for Lizard O's Inc., d/b/a Two Lizards Mexican Bar and Grill.

_____
NOTARY PUBLIC
4817-0436-7418, v. 1

> MOHAMMAD RASHID RIAZ
> Notary Public - State of New York
> No. 01RI6320662
> Qualified in Queens County
> My Comm. Expires Mar. 9, 2019

3